**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KENNETH E. MCGILL,** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civ. No. DLB-23-3067** |
| **WARDEN BOHRER, *et al.*,** | * | |
| **Respondents.** | * | |

**MEMORANDUM OPINION**

Kenneth E. McGill, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Respondents filed an answer to the petition asserting it must be dismissed as non-cognizable and untimely. ECF 5. McGill filed a response. ECF 10. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the petition is dismissed as non-cognizable and time-barred and a certificate of appealability shall not issue.

## I. Background

On January 10, 2018, McGill was indicted in the Circuit Court for Howard County, Maryland on one count of sexual abuse of a minor by a family member and three counts of third-degree sexual abuse of a minor. ECF 6-1, at 4, 6. Between October 29 and October 31, 2018, McGill was tried by jury, acquitted on one of the counts of third-degree sexual abuse of a minor, and convicted on the remaining counts. ECF 6-6, at 87–88. On March 15, 2019, McGill was sentenced to an aggregate 45 years' imprisonment, with all but 25 years suspended, and 5 years of probation. *Id.* at 51–52. McGill did not appeal his conviction.

On November 12, 2020, McGill, proceeding without counsel, filed a petition for postconviction relief. ECF 6-1, at 15–19. Counsel was appointed, and on November 16, 2021, the petition was supplemented. *Id.* at 20–31. On May 18, 2023, the state circuit court granted McGill's request to file a belated motion for modification of sentence but denied his petition in all other respects. *Id.* at 32-46. On October 4, 2023, the Appellate Court of Maryland denied McGill's application for leave to appeal. *Id.* at 80–81. The mandate issued on November 3, 2023. *Id.* at 82.

McGill filed his petition for a writ of habeas corpus in this Court on November 1, 2023. ECF 1 (indicating McGill signed the petition on November 1, 2023). McGill alleges: (1) prosecutorial misconduct for attempting "to coerce [him] into taking an illegal plea by threatening to have [him] charged in different counties," (2) prosecutorial misconduct for threatening him and lying about him, (3) ineffective assistance of trial counsel for failing to file an appeal, failing to file a motion for modification of sentence, and failing to challenge the prosecutor's misconduct, and (4) ineffective assistance of postconviction counsel for failing to call trial counsel as a witness during the postconviction hearing.[1] *Id.* at 5.

The respondent filed a limited answer arguing that McGill's claim for ineffective assistance of postconviction counsel is non-cognizable and the remainder of his petition is barred by the statute of limitations. ECF 5. In his response, McGill argues that he is entitled to equitable tolling. ECF 10.

## II. Non-Cognizable Claim

McGill contends that his postconviction counsel was ineffective because he failed to call his trial counsel as a witness at the postconviction hearing. ECF 1, at 5. Federal habeas relief cannot be granted on the ground that postconviction counsel was ineffective. *See* 28 U.S.C. § 2254(i)

[1] The Court has rephrased and renumbered the claims for clarity.

("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also, e.g.*, *Lee-El v. Maryland*, No. BAH-21-1865, 2024 WL 474738, at *18 (D. Md. Feb. 7, 2024) ("[C]onsistent with 28 U.S.C. § 2254(i), [ineffective assistance of postconviction counsel] is not cognizable on habeas review[.]"); *Sterling v. Maryland*, No. PJM-23-3229, 2024 WL 3904669, at *4 (D. Md. Aug. 22, 2024) ("Sterling's claims that post-conviction counsel rendered ineffective assistance of counsel [] must be dismissed as non-cognizable."); *Shaffer v. Bohrer*, No. SAG-22-1118, 2022 WL 17488952, at *3 (D. Md. Dec. 7, 2022) ("[A]ny assertion that Shaffer's post-conviction counsel rendered ineffective assistance is not a basis for federal habeas relief."). McGill's claim for ineffective assistance of postconviction counsel is dismissed with prejudice.

## III. Time-Barred Claims

With the dismissal of his non-cognizable ineffective assistance of postconviction counsel claim, McGill's remaining claims concern alleged errors that occurred before his conviction was final. Such claims generally are cognizable in a habeas petition, but here, they are time-barred.

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The one-year period of limitation applies to the entire § 2254 petition, on a claim-by-claim basis. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005). With the dismissal of his ineffective assistance of postconviction counsel claim, McGill's remaining cognizable claims concern errors that occurred before his conviction was final. Thus, the one-year limitations period for filing for federal habeas relief runs from the date of final judgment, which is either the date that any appellate review concluded or, if no appeal was filed, the date on which the time for filing an appeal ended. 28 U.S.C. § 2244(d)(1)(A). McGill had 30 days from his sentencing on March 15, 2018 to file an appeal with the Appellate Court of Maryland, which he did not do. *See* Md. R. 7-104(a). Therefore, McGill's conviction became final on April 15, 2018, and the one-year limitations period expired on April 15, 2019.[2]

The limitations period is tolled during the time "which a properly filed application for State post-conviction . . . is pending." 28 U.S.C. § 2244(d)(2). In other words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed. Here, McGill filed a postconviction petition, but he did not file until November 12, 2020—577 days after his conviction was final. By that time, the limitations period already had expired and could not be tolled. McGill's November 1, 2023 federal habeas petition was untimely.[3]

---

[2] April 14, 2018, fell on a Sunday.

[3] McGill filed a supplement to his petition on January 16, 2024. ECF 8. Any new claims in the supplement were filed without leave of Court and are untimely for the same reasons as the claims in the petition.

McGill says he is entitled equitable tolling. Equitable tolling may apply "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (citation modified). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation modified). Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (citation modified).

McGill asserts he is entitled to equitable tolling because his trial counsel told him he would file an appeal and should have advised him of the applicable deadlines, because he was unfamiliar with habeas corpus procedures, and because the COVID-19 pandemic delayed his filing. ECF 10. None of these is grounds for equitable tolling here.

Attorney misconduct that is more than negligence may present a basis for equitable tolling. *See Holland*, 560 U.S. at 651–52; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). But McGill has not met that standard. McGill contends that his trial counsel assured him he would file a direct appeal and did not advise him of the applicable deadlines. The state court found otherwise at a hearing on his postconviction petition. After listening to witness testimony, the state court found that counsel did not provide ineffective assistance when he did not file an appeal and that McGill *was* informed about his right to appeal and the process for appealing. Here are the court's relevant factual findings:

> The Defendant was properly advised of his right to file an appeal on the record by the trial judge. Petitioner was then readvised of his right to an appeal in layman's terms. During this discussion, the process for securing an appeal was explained to the Petitioner. The Petitioner testified that he did not sign a new retainer or provide any additional funding to counsel to secure an appeal. Petitioner did not testify that he took any steps to assure that his counsel were aware that he wished to file an appeal. Accordingly, counsel fulfilled its duty to consult with Petitioner about an appeal and did not render ineffective assistance by failing to file one.

ECF 6-1, at 39. In the absence of clear and convincing evidence to the contrary, this Court is bound to defer to the factual findings of the state court. *See* 28 U.S.C. § 2254(e)(1). Even if counsel did promise to file a notice of appeal and failed to do so, McGill does not explain how his counsel's failure to file a direct appeal prevented him from filing a federal habeas petition by April 15, 2019 or prevented him from filing a *pro se* postconviction petition to toll the statute of limitations before it expired.

McGill's claim that he was unaware of his right to file a habeas corpus petition also does not justify equitable tolling. Unfamiliarity with the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

McGill also identifies the COVID-19 pandemic as grounds for equitable tolling of his petition. He elaborates no further. As this court previously stated, a "petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." *United States v. Aigbekaen*, No. CR JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021); *see also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis."). "The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Donald*, 853 F. App'x at 234 (citation omitted).

No extraordinary circumstances stood in the way of McGill filing his habeas petition by April 15, 2019. Further, there is no indication that McGill was diligently pursuing his rights during this time. In short, McGill has failed to present any circumstance that prevented him from complying with the one-year filing deadline or any discernible basis for finding that a miscarriage of justice would result if this Court did not reach the merits of his petition.

**IV. Certificate of Appealability**

Having found that the petition is untimely, this Court must determine if a certificate of appealability should issue. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684–685 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). McGill's pleadings fail to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition as untimely and denying a certificate of appealability follows.

October 22, 2026
Date

Deborah L. Boardman
United States District Judge